IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BYRON J. EVERIDGE,
    Plaintiff,

vs.                                        Case No. 3:10cv466/MCR/CJK

SERGEANT CANNON, et al.,
    Defendants.

_____

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the complaint, the court concludes that plaintiff has not presented and cannot present an actionable claim under § 1983, and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). Plaintiff sues four prison officials of the Florida Department of Corrections ("FDOC"): Sergeant Cannon, a property sergeant at Taylor Correctional Institution ("Taylor CI"); Sergeant Johnson, a property sergeant at Santa Rosa CI; R. Tifft, Warden of Santa Rosa CI; and Walter McNeil, former Secretary of the FDOC. (Doc. 1, p. 2). Plaintiff alleges that he was transferred from Taylor CI to Santa Rosa CI on May 17, 2010, and that he has not received various items of his personal property. (*Id.*, pp. 5-6). As relief, plaintiff seeks return of his property. (*Id.*, p. 7.).

DISCUSSION

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  (Doc. 6). Section 1915 requires the court to dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The court may dismiss the complaint if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  The court may also dismiss the complaint under Rule 12(b)(6), if the complaint's factual allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The plaintiff here does not claim that the defendants' conduct deprived him of a constitutionally protected right. Plaintiff merely complains that he did not receive all of his property, and that his grievances to the defendants concerning the "missing property" were either ignored, denied, or rejected on procedural grounds. To the extent plaintiff suggests the defendants' failure to return his property constitutes a deprivation of property without due process, his allegations fail to state a plausible § 1983 claim.

The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330, 333, 106 S. Ct. 662, 664, 666, 88 L. Ed. 2d 662 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property). The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). The State of Florida provides plaintiff with an adequate post-deprivation remedy for the loss of his property. Prisoners may file a tort claim action in state court in order to recover damages for property losses. *See* Fla. Stat. § 768.28 (2011). Because plaintiff has access to an adequate post-deprivation remedy, no procedural due process violation has occurred. *See Case v.*

*Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991); *see also Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing *Hudson*, 468 U.S. at 533)). Plaintiff's allegations do not give rise to a plausible basis for relief under § 1983. Amendment will not enable plaintiff to state a viable federal claim. Thus, dismissal is appropriate. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that although a party may ordinarily amend his pleading once as a matter of course, the court need not allow amendment if amendment would be futile).

Having dismissed plaintiff's federal claims, the court should decline to exercise supplemental jurisdiction over any state law claims plaintiff seeks to pursue. 28 U.S.C. § 1367(c)(3) (providing that the district court may decline to exercise supplemental jurisdiction over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE under

28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That to the extent the complaint raises state law claims, such claims be DISMISSED WITHOUT PREJUDICE to plaintiff's re-filing them in the appropriate state court.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of November, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).